# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52120-2-II |
| Respondent, | |
| v. | |
| MICHAEL JOSEPH BRADY, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Michael J. Brady, an incarcerated offender, appeals the trial court's order denying his motion to remit his legal financial obligations (LFOs).  Brady argues that the trial court erred by retroactively applying RCW 10.73.160, which now provides that a defendant may move to remit LFOs once released from total confinement, rather than "at any time," as authorized under the former statute.  Former RCW 10.73.160 (2015).  The State concedes that the trial court erred.

We accept the State's concession and hold that the trial court erred by retroactively applying amended RCW 10.73.160(4), and thus, we remand and order a hearing to determine whether manifest hardship exists.

## FACTS

Michael Brady has been incarcerated since 2002, and the earliest he will be released from prison is June 2024.  His discretionary LFOs total over $8000.  Brady has consistently paid on his LFOs throughout his incarceration.

Brady filed his motion to remit LFOs on May 29, 2018, under former RCW 10.73.160.[1] At that time, former RCW 10.73.160(4) provided that "[a] defendant who has been sentenced to pay costs and who is not in contumacious default in the payment may *at any time* petition the court . . . ." LAWS OF 2015, ch. 265 § 22 (emphasis added). On June 7, 2018, the 2018 amendments to RCW 10.73.160 became effective, which provide that a defendant may move to remit once released from "total confinement." LAWS of 2018, ch. 269 § 12. Brady also filed a motion to dismiss interest on his restitution LFOs on June 26, 2018. The trial court denied both of Brady's motions, citing to the 2018 amended versions of the statutes.[2]

Brady appeals the trial court's order denying his motion to remit.

ANALYSIS

Brady argues that the trial court erred by dismissing his motion to remit his LFOs under RCW 10.73.160(4). He argues that the trial court erred by retroactively applying the 2018 amendments rather than the former RCW 10.73.160(4) (2015). The State concedes the error and agrees that a remand is necessary. We agree with Brady and accept the State's concession and hold that the trial court erred by retroactively applying the 2018 amendments to RCW 10.73.160(4) when denying Brady's motion to remit because the precipitating event that triggered his right to relief occurred before the statue's enactment.

We review questions of statutory interpretation de novo. *In re Estate of Haviland*, 177 Wn.2d 68, 75, 301 P.3d 31 (2013). "Generally statutes are presumed to operate prospectively,

---

[1] Brady first filed a motion to waive his LFOs on May 8, 2018. However, there is no indication from the record how the court disposed of that motion.

[2] The court cited to three statutes in its order: RCW 10.01.160(4); 10.82.090(2); and 10.73.160(4).

unless there is indication of legislative intent to the contrary." *State v. Blank*, 131 Wn.2d 230, 248, 930 P.2d 1213 (1997). "'A statute operates prospectively when the precipitating event for [its] application . . . occurs after the effective date of the statute.'" *Blank*, 131 Wn.2d at 248 (alterations in original) (quoting *Aetna Life Ins. Co. v. Washington Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974)).

RCW 10.73.160(4) (2018) states,

> A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment *may at any time after release from total confinement* petition the court that sentenced the defendant . . . for remission of the payment of costs or of any unpaid portion.

(Emphasis added). The previous version of the statute allowed a defendant to move the court for remission at any time. "A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment may *at any time* petition the court . . . for remission of the payment of costs or of any unpaid portion." Former RCW 10.73.160(4) (emphasis added).

Here, Brady incurred over $8000 in LFOs for numerous appeals and PRPs. On May 29, 2018, Brady moved the court to remit his LFOs pursuant to former RCW 10.73.160 (2015), the applicable statute. The amended RCW did not become effective until June 7, 2018, and thus, that statute did not apply when Brady filed his motion. Because the precipitating event—Brady filing his motion—occurred before June 7, 2018, the effective date of the amendment, the trial court erred by applying the statute retroactively to deny Brady's motion to remit LFOs.[3]

---

[3] Because we decide this issue on statutory grounds, we decline to reach Brady's constitutional arguments. *State v. Gregory*, 192 Wn.2d 1, 14, 427 P.3d 621 (2018).

No. 52120-2-II

Accordingly, we accept the State's concession and hold that the trial court erred by retroactively applying amended RCW 10.73.160(4), and thus, we remand to the trial court to conduct a hearing under former RCW 10.73.160.[4]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

CRUSER, J.

---

[4] The State asks us to decide the issue of whether to waive interest under RCW 10.82.090(2). However, that issue is a matter for the trial court.

4